UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-50-G |
| ) | Case No. CIV-23-104-G |
| CHRISTOPHER JAMES LAFEVER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is Defendant Christopher James LaFever's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 60). The Government has filed a Response (Doc. No. 65). After careful consideration of the parties' arguments, the relevant authorities, and the case record, the Court determines that no evidentiary hearing is necessary and that the Motion should be denied on the existing record.[1]

*I.   Background*

On March 2, 2021, a federal grand jury charged Defendant with distribution and possession of child pornography. *See* Indictment (Doc. No. 17). Defendant was represented by retained counsel Edward Blau in this case. *See* Doc. No. 14.

On June 3, 2021, the parties presented to the Court a signed plea agreement, pursuant to which Defendant would plead guilty to one count of distribution of child

---

[1] No evidentiary hearing is required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996).

pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). *See* Plea Agreement (Doc. No. 37). In the plea agreement, Defendant agreed to waive: "the right to appeal Defendant's guilty plea . . . and any other aspect of Defendant's conviction"; "the right to appeal Defendant's sentence as imposed by the Court . . . and the manner in which the sentence is determined" (subject to one inapplicable exception); and "the right to collaterally challenge or move to modify (under 28 U.S.C. § 2255 . . . or any other ground) Defendant's conviction or sentence, . . . except with respect to claims of ineffective assistance of counsel." *Id.* at 7.

Prior to accepting the plea agreement and guilty plea, the Court pursuant to Federal Rule of Criminal Procedure 11 conducted an extensive colloquy with Defendant, who was under oath. *See* Plea Hr'g Tr. (Doc. No. 63). The Court inquired of counsel for the Government, counsel for Defendant, and Defendant himself as to the competency of Defendant, including by asking Defendant if he had "ever been treated for any mental health illness or [had] any mental health condition that would prevent [him] from fully understanding what's going on and making good choices," to which Defendant answered, "No, sir." *Id.* at 5:25-6:20. Defendant was advised of the charge at issue, the range of punishment that Defendant would face upon pleading guilty, and the rights Defendant would waive by pleading guilty. *See id*. at 6:21-16:8.

The Court expressly inquired as to Defendant's competency to enter into the plea agreement, asking Defendant if he was "under the influence of any alcohol or drugs or medication or subject to any mental health condition at the time you signed that agreement that would have affected your ability to understand what was going on?," to which

Defendant answered, "No, sir." *Id.* at 13:1-5. Defendant represented to the Court that he had the opportunity to review and discuss the plea agreement with his attorney prior to signing the agreement, that he understood all statements contained in the plea agreement, and that he understood that he was waiving rights in the plea agreement, including his right to appeal the conviction and sentence except under limited circumstances. *See id.* at 12:19-14:8. After discussing these and other aspects of the plea agreement with Defendant, the Court asked whether Defendant was choosing to "reaffirm the waivers we discussed and ask the Court to accept the plea agreement?," to which Defendant answered, "Yes, sir." *Id.* at 14:5-8.

After confirming that Defendant had not been threated or promised any sort of benefit and that Defendant was "totally satisfied with the quality of services provided to [Defendant] by [his attorney]," the Court accepted the plea, finding that Defendant was "fully competent" to enter a plea of guilty, that he understood the charge and the potential punishment on that charge, that he was knowingly, voluntarily, and intelligently entering a plea of guilty to the charge, and that there was a factual basis for the plea of guilty. *Id.* at 15:16-21, 16:9-17, 17:22-18:7.

At the sentencing hearing of January 6, 2022, the Court determined that the advisory imprisonment range under the United States Sentencing Guidelines was 240 months. *See* Sent'g Tr. 6:20-7:25 (Doc. No. 64). The Court imposed a sentence of 240 months' imprisonment followed by 20 years of supervised release. *See id.* at 34:7-35:5; J. (Doc. No. 57) at 2-3.

## II.   28 U.S.C. § 2255

Liberally construed, Defendant presents four grounds for relief in his § 2255 Motion. *See* Def.'s Mot. at 4-9. Under 28 U.S.C. § 2255, a prisoner in custody serving a federal sentence may move to vacate, set aside, or correct his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Section 2255 is available to correct errors of constitutional or jurisdictional dimension, or fundamental errors which result in a complete miscarriage of justice." *Brown v. United States*, 34 F.3d 990, 991 (10th Cir. 1994); *see also United States v. Addonizio*, 442 U.S. 178, 184-86 (1979).

## III.   Discussion

### A.   Ground One: Knowing and Voluntary Plea

"To enter a plea that is knowing and voluntary, the defendant must have a full understanding of what the plea connotes and of its consequence." *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002) (internal quotation marks omitted).

Defendant argues that his guilty plea "was not knowing and intelligent" because he "was not mentally stable" when he accepted the plea. Def.'s Mot. at 5. The Government objects that, through his plea agreement, Defendant waived the ability to bring this claim. *See* Gov't's Resp. at 6.

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the

waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). Courts consider the following factors when deciding whether to enforce a waiver of collateral attack rights: (1) whether the § 2255 motion falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his or her right to bring a § 2255 motion, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See id.*; *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004); *United States v. Walker*, No. CR-16-39-D, 2022 WL 2019972, at *1 (W.D. Okla. June 6, 2022).

### 1. Scope of Waiver

In the plea agreement, Defendant waived his right to collaterally challenge his conviction or sentence under 28 U.S.C. § 2255, except on the ground of ineffective assistance of counsel. *See* Plea Agreement at 7. The Court agrees with the Government that Defendant's Ground One falls within the scope of this collateral-attack waiver.

### 2. Knowing and Voluntary Waiver

With respect to this second factor, "[t]he defendant bears the burden to demonstrate that [his] waiver was not knowing and voluntary." *United States v. Smith*, 500 F.3d 1206, 1210 (10th Cir. 2007). The Court considers two factors when assessing a defendant's waiver. *See id.* First, the Court examines "'whether the language of the Plea Agreement states that the defendant entered the plea agreement knowingly and voluntarily.'" *Id.* at

5

1210-11 (quoting *Hahn*, 359 F.3d at 1324).[2]  Second, the Court examines the adequacy of the advisements and statements made during the Rule 11 colloquy. *Id.* at 1211.

Here, Defendant's plea agreement certified that "Defendant knowingly and voluntarily waive[d]" his right to collaterally attack his conviction or sentence. Plea Agreement at 7. And the Court conducted a lengthy Rule 11 colloquy, during which it ensured that Defendant was competent and understood the charge against him, the potential punishment on that charge, the sentencing process, the terms of the plea agreement, and in particular Defendant's waiver of rights in the plea agreement. *See* Plea Hr'g Tr. 4:12-17:21. Defendant stated on the record that he had reviewed the plea agreement, discussed it with his attorney, and understood its terms. *See id.* at 12:19-13:5. Defendant further stated that he understood the rights that he was waiving and that he wished to plead guilty anyway. *See id.* at 13:6-14:8. Following the colloquy and questioning by the Government regarding the factual basis of the plea, the Court found that Defendant's guilty plea was knowing, intelligent, and voluntary. *See id.* at 17:22-18:5. Accordingly, the Court accepted Defendant's guilty plea and the plea agreement. *See id.* at 18:6-7.

"In considering the totality of the circumstances, either the express language of the plea agreement, if sufficiently clear, detailed, and comprehensive, or the probing inquiry

---

[2] "A plea is 'knowing' if the defendant has a full understanding of what the plea connotes and of its consequences." *United States v. Vidal*, 561 F.3d 1113, 1119 (10th Cir. 2009) (internal quotation marks omitted). "[A] plea of guilty entered by one fully aware of the direct consequences of the plea is voluntary in a constitutional sense unless induced by threats, misrepresentation, or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business." *Bousley v. United States*, 523 U.S. 614, 619 (1998) (omissions and internal quotation marks omitted).

of a proper Rule 11 colloquy could be enough to conclude the waiver was knowing and voluntary. But the synergistic effect of both will often be conclusive." *United States v. Tanner*, 721 F.3d 1231, 1234 (10th Cir. 2013). Here, the agreement and colloquy demonstrate that Defendant's waiver was knowingly and voluntarily made.

> *3. Whether Enforcing the Waiver Would Result in a Miscarriage of Justice*

Finally, the Court must "determine whether enforcing the waiver will result in a miscarriage of justice." *Hahn*, 359 F.3d at 1327. To show that enforcing a waiver of collateral attack rights would result in a miscarriage of justice, Defendant must demonstrate one of the following: (1) that the district court relied on an impermissible factor such as race; (2) that the defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) that the sentence exceeds the statutory maximum; or (4) that the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*; *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004); *Walker*, 2022 WL 2019972, at *2.

Here, Defendant's arguments do not implicate the first or third of the listed ways of showing a miscarriage of justice. As to the second way of showing a miscarriage of justice, Defendant argues that he did not receive effective assistance of counsel but does not specifically contend that his counsel was ineffective in negotiating the plea agreement or the waivers in that agreement. As to the fourth way of showing a miscarriage of justice, Defendant does not contend that the plea agreement or the waivers in the plea agreement are, in and of themselves, unlawful. Accordingly, Defendant has not shown that

7

enforcement of the waiver of Defendant's right to collaterally attack his conviction or sentence would result in a miscarriage of justice.

### 4. *Conclusion Regarding Waiver*

Having fully considered the motion, reviewed the record in this case, and applied the relevant factors, the Court finds that the waiver contained in the plea agreement is valid and enforceable and that Defendant has waived his right to bring Ground One through a 28 U.S.C. § 2255 motion. *See Hahn*, 359 F.3d at 1325-27; *see also United States v. Leon*, 476 F.3d 829, 831-32, 834 (10th Cir. 2007) (enforcing plea agreement's appeal waiver against defendant who alleged he "was not mentally competent during his guilty plea" where the record reflected that the waiver was knowingly and voluntarily made).[3]

---

[3] Alternatively, Defendant's Ground One would fail even if considered on the merits. As noted, Defendant alleges only that he "was not mentally stable" when he accepted the plea. Def.'s Mot. at 5. Defendant offers no support or explanation for this assertion, and the Court is "not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

In addition, this claim is undermined by the relevant record. At the plea hearing, Defendant denied being under the influence of any substance or subject to any mental health condition that would have affected his ability to understand the decision he was making, either when he signed the plea agreement or at the time of the hearing itself. *See* Plea Hr'g Tr. 5:25-6:20, 13:1-5. Defendant offers no factual support, or explanation, for why these denials were untrue or otherwise should be disregarded by the Court. "Defendant could have placed the issue of his competency before the Court at his plea hearing or at his sentencing hearing. He did not do so." *United States v. Curtis*, No. CR-18-204-D, 2022 WL 1748259, at *5 (W.D. Okla. May 31, 2022). Accordingly, the Court finds that Defendant "does not, now, raise any legitimate question of his competence to enter the guilty plea." *Id.*

### B. Grounds Two, Three, and Four: Ineffective Assistance of Counsel

In his remaining claims, Defendant seeks relief on the basis that his retained attorney rendered constitutionally ineffective assistance. *See* Def.'s Mot. at 4-5, 7-9. The Government responds that each of Defendant's claims of ineffective assistance is without merit because Defendant has failed to show that his counsel's performance fell below an objective standard of reasonableness or that Defendant was prejudiced as a result of his counsel's deficient performance. *See* Gov't Resp. at 6-8.

To show that his counsel's performance was constitutionally ineffective, Defendant must demonstrate that the performance of counsel was deficient and that such deficiency prejudiced the outcome of the case. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the first prong of the *Strickland* test, Defendant must show that counsel's performance was unreasonable under "prevailing professional norms." *Id.* at 688. The Supreme Court shuns specific guidelines for measuring deficient performance, as "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Id.* at 688-89. Defendant must overcome the presumption that the "challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

If Defendant shows deficient performance, he must also show prejudice by establishing "a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. In making that determination, the Court must "tak[e] the unaffected findings as a given" and decide whether the outcome "would reasonably likely have been different absent the errors." *Id.* at 696.

The Court "may address the performance and prejudice components in any order" and "need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

### 1. *Counsel's Failure to Object to Certain Information in the PSR*

Defendant first argues that his attorney's performance was deficient because counsel failed to object to the admission of the Government's "cell phone text messages . . . not related to the charge." Def.'s Mot. at 4.

This appears to be a reference to messages that were identified in Paragraph 21a of the Third Revised Final Presentence Investigation Report ("PSR") (Doc. No. 54). The PSR excerpted a Facebook Messenger chat between Defendant and another adult relating to a May 24, 2020 pornographic video (which depicts the adult associate sexually abusing minor victims more particularly described in the PSR) found on Defendant's cell phone. *See* PSR ¶ 21a. On December 15, 2020, Defendant stated to the other adult, "I want to fuck you all lol," and made other statements reflecting a desire by Defendant to have sex with the adult associate, his wife, and the minor victims who are depicted in the May 24, 2020 video. *Id.*

The PSR found the May 24, 2020 video, along with Defendant's December 15, 2020 messages, to be relevant conduct to Defendant's offense of conviction: distribution of child pornography between June 28, 2020, and July 2, 2020. *See id.*; Indictment at 1. Defendant has not shown why this finding should have been rejected. *See* U.S.S.G. § 1B1.3(a)(1)(A) (defining "relevant conduct" to include "all acts . . . committed . . . by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense"). And, even if not considered as relevant conduct, the messages were plainly information that the Court could consider in determining an appropriate sentence under 18 U.S.C. § 3553. *See* 18 U.S.C. § 3553(a). These messages would obviously inform the Court's consideration of the § 3553 factors, including "the history and characteristics of the defendant" and "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant." *Id.* § 3553(a)(1), (2). There is no suggestion that the PSR did not accurately characterize the chat or its context.

It follows that defense counsel's "strategic decision[]" not to object to Paragraph 21a of the PSR has not been shown to have been objectively unreasonable; therefore, such decision was not constitutionally ineffective under *Strickland*. *Parker v. Jones*, 423 F. App'x 824, 828 (10th Cir. 2011) ("[S]trategic decisions are constitutionally ineffective only if they are completely unreasonable, not merely wrong, so that they bear no

relationship to a possible defense strategy." (alteration and internal quotation marks omitted)).[4]

### 2. Counsel's Argument as to an Appropriate Sentence

Defendant claims that his counsel was ineffective for "fail[ing] to argue against" the 20-year sentence imposed by the Court. Def.'s Mot. at 7. This factual assertion is belied by the record: defense counsel argued extensively for a lower sentence in a written Sentencing Memorandum and at the hearing. *See* Sent'g Mem. (Doc. No. 49) at 4-10; Sent'g Tr. 12:4-18:19; *see also United States v. Clark*, 650 F. App'x 569, 571 (10th Cir. 2016) (rejecting the defendant's contention "that counsel was ineffective for failing to object to his criminal-history calculation" where the record showed that counsel did in fact object to the calculation).

### 3. Counsel's Failure to Request That Defendant's Family Members Speak at the Sentencing Hearing

Defendant also claims ineffective assistance because his attorney did "not hav[e]" Defendant's family speak at the sentencing hearing on behalf of Defendant. Def.'s Mot. at 7 (asserting that Defendant's family "was not allowed to" speak at the proceeding). As a threshold matter, Defendant provides no details regarding these allegations. The Court will not "fashion Defendant's arguments for him where his allegations are merely

---

[4] The PSR also quotes text messages made between Defendant and minor children that were connected to Defendant's prior criminal charges and convictions. *See* PSR ¶¶ 45-46. As these messages were likewise relevant to Defendant's history and characteristics, as well as his criminal history calculation under the Sentencing Guidelines, any claim that defense counsel performed deficiently by failing to object to the inclusion of these messages in the PSR also fails under *Strickland*.

conclusory in nature and without supporting factual averments." *Fisher*, 38 F.3d at 1147. Moreover, while at the sentencing hearing a defendant has a right to speak and any victim has the right to be reasonably heard, there is no entitlement for a defendant's family member to speak. *See* Fed. R. Crim. P. 32(i)(4).

In addition, the Court here "reviewed all the [letters] that were submitted," which included "a large variety of letters of support from [Defendant's] friends and family and coworkers," and specifically referenced those letters in announcing Defendant's criminal sentence. Sent'g Tr. 4:14-19, 31:22-32-4, 37:19-22. Defendant does not explain what his family members would have stated at the hearing or why such statements would have changed the outcome.

Accordingly, Defendant does not show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

> 4. *Counsel's Failure to Challenge the Search Warrant or Other Evidence*

In Ground Four, Defendant argues as follows:

> The warrant and affidavit w[ere] invalid. Ineffective assistance.
>
> The warrant's scope was exceeded. The affidavit was facially invalid. Counsel did not challenge this.

Def.'s Mot. at 8.

Again, the Court will not "fashion Defendant's arguments for him" when Defendant's contentions are conclusory and not supported by specific factual allegations. *Fisher*, 38 F.3d at 1147. Such "[c]onclusory allegations" and "vague descriptions of the

13

alleged deficient performance" do not suffice to establish the deficiency prong of *Strickland*. *United States v. Davis*, No. CR-16-119-R-7, 2018 WL 3077801, at *3 (W.D. Okla. June 21, 2018). Defendant's general disagreement with his attorney's decisions does not "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy" and therefore fails to establish ineffective assistance as to Ground Four. *Strickland*, 466 U.S. at 689 (internal quotation marks omitted).

## CONCLUSION

For the reasons explained above, Defendant Christopher James LaFever's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 60) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a defendant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court concludes that the requisite standard is not met in this case. Therefore, a COA is denied.

A separate judgment shall be entered.

15

IT IS SO ORDERED this 5th day of March, 2026.

                                                  */s/ Charles B. Goodwin*
                                                  CHARLES B. GOODWIN
                                                  United States District Judge